This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  November 28, 2012

Opposition No. **91202788**

Luster Products, Inc.

v.

John M. Van Zandt d/b/a Vanza
USA

**Andrew P. Baxley, Interlocutory Attorney:**

Pursuant to the Board notice instituting this proceeding, the discovery period closed on August 6, 2012. On September 13, 2012, applicant filed a motion to "extend discovery."  The motion has been fully briefed.

In support of such motion, applicant contends that he timely served initial disclosures by the March 9, 2012 deadline set forth in the Board notice instituting this proceeding; that opposer did not timely serve initial disclosures and did not respond to March 26, 2012 and May 17, 2012 letters from applicant's attorney to opposer's attorney regarding opposer's failure to serve initial disclosures; that, in view of such failure to respond, applicant "rightfully assumed" that opposer had lost interest in this case; that applicant "was justified in not

serving discovery because fashioning written discovery would be a waste of time if [opposer] did not intend to prosecute" this case; and that "[w]ithout [opposer's] initial disclosures as a guide, [applicant] could not focus [his] written discovery effectively."  Applicant further contends that, in "late July or early August," the parties' attorneys discussed settlement by telephone; that, during that discussion, opposer's attorney requested a three-month suspension for settlement, which applicant's attorney declined; that opposer served its initial disclosures, first set of interrogatories, and first set of document requests by mail on the closing date of the discovery period; and that applicant timely responded to opposer's discovery requests.  In view of the foregoing, applicant asks that the Board allow applicant additional time in which to serve discovery requests and receive responses thereto.

In opposition, opposer contends that applicant's motion is one to reopen discovery and that applicant has failed to meet the required standard of excusable neglect. In particular, opposer contends that the parties had a series of telephone communications prior to the close of discovery; that, during those discussions, applicant refused to agree to an extension of the discovery period;

that applicant was seeking to obtain a better position in settlement negotiations by allowing the discovery period to close; that, in view of applicant's acknowledgement of opposer's participation in settlement negotiations, applicant's assertion that opposer had lost interest in the proceedings is internally inconsistent; that applicant could have commenced taking discovery without receiving opposer's initial disclosures; that applicant's remedy for opposer's failure to serve timely initial disclosures was to file a motion to compel such disclosures; and that applicant has not explained why he waited until five weeks after the close of discovery to seek to reopen discovery. Accordingly, opposer asks that the Board deny applicant's motion.

In reply, applicant admits that he could have prepared discovery, despite opposer's failure to act herein, and that his motion is one to reopen discovery. However, applicant contends that he has shown that any failure to act in a timely manner was the result of excusable neglect; and that opposer, in opposing applicant's motion, fails to explain why it waited until the closing date of the discovery period to serve its initial disclosures.

Because the discovery period had closed in this case, applicant's motion is one to reopen the discovery period.

3

See *Vital Pharmaceuticals Inc. v. Kronholm*, 99 USPQ2d 1708, 1710 n.10 (TTAB 2011). As such, applicant must establish that his failure to act in a timely manner was the result of excusable neglect. See *id.* at 1710. In *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380 (1993), as discussed by the Board in *Pumpkin, Ltd. v. The Seed Corps*, 43 USPQ2d 1582 (TTAB 1997), the Supreme Court clarified the meaning and scope of "excusable neglect," as used in the Federal Rules of Civil Procedure and elsewhere. The Court held that the determination of whether a party's neglect is excusable is:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., supra* at 395. In subsequent applications of this test, several courts have stated that the third *Pioneer* factor, namely the reason for the delay and whether it was within the reasonable control of the movant, might be considered the most important factor in a particular case. See *Pumpkin, Ltd. v. The Seed Corps, supra* at 1586 n.7 and cases cited therein.

4

The Board turns initially to the third *Pioneer* factor and finds that it weighs strongly against a finding of excusable neglect.  In short, if applicant was concerned about opposer's failure to serve initial disclosures, applicant should have filed a motion to compel initial disclosures after failing to receive timely initial disclosures from opposer or responses to his March 26, 2012 and May 17, 2012 letters, and prior to the close of the discovery period.[1]  See Trademark Rule 2.120(e)(1), and Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42242, 42256 (August 1, 2007) ("A motion to compel is the available remedy when an adversary has failed to make, or has made inadequate, initial disclosures….").  If such motion were granted and opposer did not comply with the order compelling such disclosures, applicant could have then moved for dismissal as a sanction under Trademark Rule 2.120(g)(1).  A party that does not receive initial disclosures and does not file a motion to compel such disclosures risks their being served late in the discovery period concurrently with discovery requests,

---

[1]  Although applicant indicates that he considered filing a motion to dismiss for failure to prosecute after opposer failed to respond to his March 26, 2012 and May 17, 2012 letters, such a motion should not be filed prior to the close of a plaintiff's testimony period.  See Trademark Rule 2.132; TBMP Section 534 (3d ed. rev. 2012).  Accordingly, a motion to dismiss for failure to prosecute would have been premature.

as illustrated by the instant case.[2]  If such disclosures and discovery requests are served by mail only, the responding party may, as happened here, not be aware of those disclosures and discovery requests until after the close of the discovery period.

To the extent that applicant made a calculated strategic decision not to take discovery in the hope that opposer had lost interest in the proceeding, the events in this case illustrate the danger of such a decision.[3] Further, even if it was reasonable for applicant to assume opposer's non-response to applicant's letters of March 26, 2012 and May 17, 2012 indicated loss of interest in the case by opposer, the parties' settlement discussions in July and August 2012 should have been taken by applicant as a clear indication that opposer *had not* lost interest in

---

[2] Under Trademark Rule 2.120(a)(3), "a party must make its initial disclosures prior to seeking discovery."  However, "[w]ritten discovery may be served concurrently with initial disclosures."  TBMP Section 403.02.

[3] The Board generally does not *sua sponte* take any action noting a plaintiff's failure to act in a case except when a plaintiff fails to act after the withdrawal of its attorney or when it becomes necessary to issue an order to show cause under Trademark Rule 2.128(a)(3) following the expiration of the plaintiff's time to file a brief.  In particular, when a plaintiff fails to take testimony or submit evidence during its testimony period, the Board does not *sua sponte* take action; however, the defendant may file a motion to dismiss under Trademark Rule 2.132 following the close of the plaintiff's testimony period.  See TBMP Section 534.

the case.[4] One generally only seeks settlement of a case in which one has an interest. An opposer without interest in a case need not reach settlement with an applicant and can instead allow the case to be dismissed by way of an applicant's motion to dismiss for failure to prosecute under Rule 2.132(a) following the expiration of its testimony period, or by failing to respond to an order to show cause under Trademark Rule 2.128(a)(3) after failing to file a brief on the case.

Although applicant contends that opposer's initial disclosures were necessary to the preparation of his own discovery requests, we note again that he failed to file a motion to compel.[5] While initial disclosures are certainly useful in preparing discovery requests, applicant could have prepared discovery requests in connection with opposer's pleaded claim under Trademark Act Section 2(d),

---

[4] Indeed, this case illustrates a danger of failing to communicate in a Board proceeding. Better and more frequent communication between parties facilitates settlement and compliance with applicable rules and reduces the need for motions such as the one decided herein.

[5] Initial disclosures "promote more efficient discovery and trial, reduce incidents of unfair surprise, and increase the likelihood of fair disposition of the parties' claims and defenses." Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42242, 42244 (August 1, 2007).

15 U.S.C. Section 1052(d),[6] by reviewing applicable case law regarding likelihood of confusion and discoverability of various types of information in Board proceedings, as would have been necessary for parties defending against such a claim prior to the institution of the disclosure regime in 2007.[7]  See TBMP Section 414 and cases cited therein.

The Board further notes that applicant refused to consent to opposer's request, made in the waning days of discovery, to extend the discovery period, but took no action prior to the close of the discovery period.  Thus, applicant's failure to act appears to have been the result of a strategic decision, which was entirely within his control.

With regard to the second *Pioneer* factor, the extent of delay for the proceeding, we find that the delay caused by applicant's failure to act prior to the close of the

---

[6] Opposer alleges in the notice of opposition its pleaded marks "have acquired great recognition and renown" and that registration of applicant's mark "will result in ... dilution" of opposer's "famous names and marks."  Notice of opposition, paragraphs 3 and 14.  However, opposer's dilution claim is insufficiently pleaded because opposer did not allege that any of its pleaded marks became famous prior to any date upon which applicant can rely in support of his application.  See *Trek Bicycle Corp. v. StyleTrek Ltd*., 64 USPQ2d 1540 (TTAB 2001).

[7] Opposer's argument that applicant could have commenced taking discovery without receiving opposer's initial disclosures is technically correct, but ignores the fundamental unfairness resulting from opposer having the benefit of applicant's initial disclosures, while applicant did not have the benefit of opposer's disclosures.

discovery period is significant. In addition to the time between the close of discovery and the filing of applicant's motion to reopen, there is the additional, unavoidable delay arising from the time required for briefing and deciding such motions. See *PolyJohn Enterprises Corp. v. 1-800-Toilets Inc.*, 61 USPQ2d 1860 (TTAB 2002). Both the Board and parties before it have an interest in minimizing the amount of the Board's time and resources that must be expended on matters, such as the motion decided herein, which come before the Board solely as a result of one party's strategic decision to allow the discovery period to close and subsequent change of position. Cf. *id.* (misunderstanding of a rule does not constitute excusable neglect). Thus, the second *Pioneer* factor also weighs against a finding of excusable neglect.

With regard to the first *Pioneer* factor, the Board finds that there is no evidence of significant prejudice to opposer, and, with regard to the fourth *Pioneer* factor, the Board finds that there is no evidence of bad faith on the part of applicant. On balance, the Board finds that applicant's failure to timely act before the close of the discovery period did not result from excusable neglect. Accordingly, applicant's motion to reopen the discovery period is denied.

Nonetheless, opposer's failure to meet its obligation to make initial disclosures at the prescribed time early in the discovery period and its failure to respond promptly to applicant's correspondence in connection with such failure evidence opposer's disregard for the rules applicable to this opposition proceeding and have resulted in unnecessary delay. To avoid further delay, if the parties do not settle this case, opposer is expected to make its pretrial disclosures and commence its presentation of evidence in accordance with the schedule outlined below. Dates will be reset only upon agreement of the parties to accommodate settlement discussions.

Proceedings herein are resumed. Remaining dates are reset as follows.

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | **1/12/2013** |
| Plaintiff's 30-day Trial Period Ends | **2/26/2013** |
| Defendant's Pretrial Disclosures Due | **3/13/2013** |
| Defendant's 30-day Trial Period Ends | **4/27/2013** |
| Plaintiff's Rebuttal Disclosures Due | **5/12/2013** |
| Plaintiff's 15-day Rebuttal Period Ends | **6/11/2013** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.